IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40502
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE AMHED CEDENO;
TEOBALDO GAMBOA,

Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CR-159-1
- - - - - - - - - -
June 9, 1997

Before KING, JOLLY and DENNIS, Circuit Judges:

PER CURIAM:[*]

Ronnie Amhed Cedeno and Teobaldo Gamboa appeal their convictions for conspiracy to possess with the intent to distribute a controlled substance and possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1). They argue that the evidence was insufficient to support their convictions; that the district court erred in

_____

   [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

denying their motions to suppress evidence; and that prosecutorial misconduct during closing arguments deprived them of a fair trial.

We conclude that a rational trier of fact could have found that the evidence established guilt of these crimes beyond a reasonable doubt. United States v. Ivey, 949 F.2d 759, 766 (5th Cir.), cert. denied, 506 U.S. 819 (1992).

We reject appellants' argument that the district court erred in denying their motions to suppress. Anita Stambaugh was not acting as a government agent such as to give rise to Fourth Amendment concerns. United States v. Bazan, 807 F.2d 1200, 1202 (5th Cir.), cert. denied, 481 U.S. 1038 (1987). Moreover, the affidavit supporting the search warrant was not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992). The district court did not err.

We similarly reject appellants' argument that the prosecutor's remarks during closing arguments deprived them of a fair trial. The record reveals that the remarks, when viewed individually or together, did not deprive them of a fair trial, and even if the remarks were prejudicial, the harm was remedied by the district court's curative instructions. United States v. Montoya-Ortiz, 7 F.3d 1171, 1178 (5th Cir. 1993).

AFFIRMED.